The Honorable Sue Madison State Representative 573 Rock Cliff Road Fayetteville, Arkansas 72701
Dear Representative Madison:
This official Attorney General's opinion is issued in response to your recent question regarding emergency telephone service charges. You have noted in your correspondence that when the Arkansas Public Safety Communications Act (A.C.A. § 12-10-303) was passed, cellular telephones were rare. In areas where an emergency telephone service charge is levied, no charge is currently being levied on cellular telephones. You indicate that you would like to propose legislation that would impose the service charge on cellular telephones in political subdivisions that already levy the charge on traditional telephones. You have asked:
 Is a new election necessary in order to levy an emergency telephone service charge on cellular telephones, or can the legislature, by passage of an act, levy such a charge?
It is my opinion that the legislature has full authority to amend the Public Safety Communications Act so as to levy an emergency telephone service charge on cellular telephones without the requirement of an election. There is no constitutional requirement of an election as a prerequisite to levying a charge of this nature, nor is there any constitutional prohibition against such a levy by the legislature.
In order to achieve this change adequately, the amending legislation must specify that it is changing both the requirement that the levy be carried out by the political subdivision, and the requirement that charges can only be levied after voter approval.
Under the current form of the Arkansas Public Safety Communications Act, the legislature does not have the authority to actually levy any authorized emergency telephone service charge. Currently, the act of levying the authorized charge is delegated to (and can only be done by) the political subdivision itself, and only after approval by the voters. Therefore, if the amending legislation does nothing more than state that the Act is extended to apply to cellular telephones, without changing the requirements as to which body has levying authority and as to voter approval of the levy, a new election will be needed in order to levy the charge. For this reason, the amendment must specifically dispense with both the delegation of levy authority to the political subdivisions, and with the election requirement.
In addition, the amending legislation must set forth a formula by which the charge on cellular telephones is to be calculated. The Act in its current form requires reference to the telephone service providers' Public Service Commission-approved rates, as reflected in the providers' tariffs that are filed with the Public Service Commission, in order to calculate the amount of the service charge. A.C.A. §§ 12-10-318 and -303. Cellular telephone rates are neither approved by nor filed with the Public Service Commission. Therefore, there is currently no means by which a service charge on cellular telephones could be calculated. Accordingly, the amending legislation should address this matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh